NOT FOR PUBLICATION

UNITED STATES COURT OF APPEALS

FOR THE NINTH CIRCUIT

FILED

NOV 21 2025

MOLLY C. DWYER, CLERK
U.S. COURT OF APPEALS

FRANCO DARIO FUENTES-ARRIAGA,

Petitioner,

v.

PAMELA BONDI, Attorney General,

Respondent.

No.   15-73484

Agency No. A206-717-393

MEMORANDUM[*]

On Petition for Review of an Order of the
Board of Immigration Appeals

Submitted November 19, 2025[**]
Pasadena, California

Before:  WARDLAW, BERZON, and MILLER, Circuit Judges.

Franco Dario Fuentes-Arriaga, a native and citizen of Guatemala, petitions

for review of a decision by the Board of Immigration Appeals ("BIA") dismissing

an appeal of an order of an Immigration Judge ("IJ") denying Petitioner's

applications for asylum, withholding of removal, and relief under the Convention

---

[*]  This disposition is not appropriate for publication and is not precedent
except as provided by Ninth Circuit Rule 36-3.

[**]  The panel unanimously concludes this case is suitable for decision
without oral argument.  *See* Fed. R. App. P. 34(a)(2).

Against Torture ("CAT").  We have jurisdiction under 8 U.S.C. § 1252(a), and we deny the petition.  "Where, as here, the BIA agrees with the IJ decision and also adds its own reasoning, we review the decision of the BIA and those parts of the IJ's decision upon which it relies."  *Duran-Rodriguez v. Barr*, 918 F.3d 1025, 1027–28 (9th Cir. 2019) (citation omitted).  "We review factual findings for substantial evidence and legal questions de novo."  *Guerra v. Barr*, 974 F.3d 909, 911 (9th Cir. 2020) (citation omitted).  "To prevail under the substantial evidence standard, the petitioner 'must show that the evidence not only supports, but compels the conclusion that these findings and decisions are erroneous.'"  *Plancarte Sauceda v. Garland*, 23 F.4th 824, 831 (9th Cir. 2022) (quoting *Davila v. Barr*, 968 F.3d 1136, 1141 (9th Cir. 2020).

1.  Substantial evidence supports the BIA's denial of Petitioner's asylum claim.  To qualify for asylum, Petitioner must demonstrate that he "is unable or unwilling" to return to Guatemala "because of persecution or a well-founded fear of persecution on account of race, religion, nationality, membership in a particular social group, or political opinion."  *Lapadat v. Bondi*, 145 F.4th 942, 951 (9th Cir. 2025) (quoting *Melkonian v. Ashcroft*, 320 F.3d 1061, 1064 (9th Cir. 2003)); *see also* 8 U.S.C. § 1101(a)(42)(A) (defining "refugee").  "Asylum is not available to victims of indiscriminate violence, unless they are singled out on account of a protected ground."  *Delgado-Ortiz v. Holder*, 600 F.3d 1148, 1151 (9th Cir. 2010).

2

Before the IJ, Petitioner indicated that his asylum claim was based on his membership in a particular social group ("PSG") but did not identify any PSG to which he belonged. While Petitioner's mother testified that she was repeatedly robbed in Guatemala, and Petitioner therefore argues that "he suffered persecution in Guatemala . . . on account of his social circumstances," persecution based solely on "financial motivation" does not establish the requisite nexus to a protected characteristic. *Rodriguez-Zuniga v. Garland*, 69 F.4th 1012, 1025 (9th Cir. 2023). Before the BIA, Petitioner also failed to articulate any PSG. And, Petitioner again failed to identify in his petition for review any cognizable PSG, or any other protected ground, as the basis for his asylum claim. Accordingly, substantial evidence supports the BIA's denial of Petitioner's asylum claim.

2. Petitioner's claim for withholding of removal also fails because Petitioner has failed to demonstrate that he is a member of a PSG, or that any other protected grounds are the basis of his fear of persecution. "To prevail on a claim for withholding of removal, an applicant 'must show, by a preponderance of the evidence, that he will face persecution on account of a protected ground if removed.'" *Aleman-Belloso v. Bondi*, 128 F.4th 1031, 1039 (9th Cir. 2024) (quoting *Iraheta-Martinez v. Garland*, 12 F.4th 942, 955 (9th Cir. 2021)).

3. Substantial evidence supports the BIA's denial of Petitioner's CAT claim. To qualify for deferral of removal under CAT, an applicant must prove

"that it is more likely than not that he or she would be tortured if removed to the proposed country of removal." 8 C.F.R. § 208.16(c)(2). "The record must show that it is more likely than not that the petitioner will face a *particularized* and *non-speculative* risk of torture." *Park v. Garland*, 72 F.4th 965, 980 (9th Cir. 2023) (alterations in original) (citation omitted). While Petitioner presented evidence of crime and gang activity in Guatemala, such "[g]eneralized evidence of violence and crime is insufficient to establish a likelihood of torture." *Id.* (citation omitted). Moreover, Petitioner's three siblings have continued to live in Guatemala in the same house that Petitioner left, and there is no evidence that Petitioner's siblings have been harmed since Petitioner left the country. Petitioner does not explain why he faces a greater risk of torture than his siblings, or why anyone in Guatemala would target him, in particular, for torture.

**PETITION FOR REVIEW DENIED.**[1]

---

[1] Petitioner's Motion to Stay Removal is denied as moot. *See* Dkt. No. 1. The temporary stay will dissolve when the mandate issues. *See* Dkt No. 6. The government's motion to present oral argument by video is also denied as moot. *See* Dkt. No. 49.